IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAACO ENTERPRISES, INC. | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1187 |
| | ) | |
| RICHARD GREIG and | ) | JURY TRIAL DEMANDED |
| MERLE I. GREIG | ) | |

## ANSWER

Defendants, Richard and Merle I. Greig (referred to collectively as "Greig"), by and through their attorneys, hereby answer the complaint of MAACO Enterprises, Inc. ( "MAACO"), and in support thereof aver as follows:

1. Admitted.

2. Admitted.

3. Denied.

4. Denied.

5. Denied.

6. Admitted in part; denied in part. Greig admits that MAACO is engaged in business as a franchisor under the name MAACO Auto Painting & Bodyworks Centers. The remaining allegations set forth in paragraph 6 are denied.

7. Admitted in part; denied in part. Greig admits that MAACO owns the mark and related logo as alleged and that it is registered with the United States Patent and Trademark Office. The remaining allegations set forth in paragraph 7 are denied.

8. Greig is without sufficient knowledge upon which to form a belief as to the truth

or falsity of the allegations in paragraph 8, and they are therefore denied.

9. Admitted in part; denied in part. Paragraph 9 is admitted as to the Greig franchise agreement but otherwise denied.

10. Admitted.

11. Admitted in part; denied in part. It is admitted that that the franchise agreement provides for the payment of royalties, reasonable advertising contribution, and for ordered paint and supplies. The remainder of paragraph 11 is denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Admitted in part; denied in part. Greig admits that Exhibit B was delivered to them in December 2004 but denies that they owe franchisee fees, advertising contributions, or monies for paint/supplies as claimed by MAACO in Paragraph 16.

17. Admitted in part; denied in part. Greig admits that Exhibit C was received but otherwise denies the allegations in paragraph 17.

18. Admitted in part; denied in part. Greig admits that on February 2, 2005, MAACO was advised that the facility operated at 1233 Burlington, N. Kansas City, Missouri for over 29 years would no longer be operated as a MAACO. The remainder of paragraph 18 is denied.

19. Admitted in part; denied in part. Greig admits that they received Exhibit D but otherwise denies the allegations in paragraph 19.

20. Denied.

21. Admitted in part; denied in part. Greig admits that Danco LLC, a Missouri limited

liability company wholly owned by their son, with the knowledge of MAACO, operated the facility located at 1233 Burlington, North Kansas City, Missouri from 2001 through February 3, 2005.  Since that time Danco LLC has operated a non MAACO business on the premises of New Century without the use of MAACO's proprietary marks.  The remainder of the allegations in paragraph 21 are denied.

22. Denied.

## COUNT I

23. Greig incorporates by reference their answers and denials to the preceding paragraphs as if set forth herein at length.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT II

29. Greig incorporates by reference their answers and denials to the preceding paragraphs as if set forth herein at length.

30. Denied.

31. Denied.

32. Denied.  By way of further response, it is specifically denied that Greig was obligated to provide reports to MAACO as alleged in paragraph 32.

## COUNT III

33.Greig incorporates by reference their answers and denials to the preceding paragraphs as if set forth herein at length.

34.Denied.

35.Denied.

36.Denied.

## COUNT IV

37.Greig incorporates by reference their answers and denials to the preceding paragraphs as if set forth herein at length.

38.Admitted in part; denied in part.  Greig admits that an actual controversy exists concerning whether the franchise agreement was breached by the parties, but denies that the Declaratory Judgment Act is the appropriate basis for such action as referred to in Paragraph 38.

39.Denied.

40.Denied.

WHEREFORE, Defendants Richard and Merle Greig respectfully request that Plaintiff's complaint be dismissed with prejudice and that judgment be entered in favor of Defendants together with costs and counsel fees.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

MAACO's complaint should be dismissed because MAACO is obligated to pursue its claims by way of arbitration.

## THIRD AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the Plaintiff's claims because the amount in controversy does not exceed $75,000 exclusive of interest and costs.

## FIFTH AFFIRMATIVE DEFENSE

MAACO is estopped for seeking injunctive relief against Greig since it has known since 2002 that, because of health, Richard Greig has been retired from the business and further for the reason that the actual operation of the business is Danco LLC, which is wholly owned by Defendants' son.

## SIXTH AFFIRMATIVE DEFENSE

MAACO is estopped from seeking affirmative injunctive relief concerning the telephone number or other matters since MAACO has itself breached the franchise agreement by failing to meet its franchisor obligations to support the franchise by its diversion of commercial business from the Greig franchise location.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that MAACO claims franchisee fees accruing prior to June 11, 2001,

such claims are barred by the doctrine of accord and satisfaction and release.

## EIGHTH AFFIRMATIVE DEFENSE

MAACO's claims for royalties are barred by its breach of the franchise agreement through failing to provide competent franchisee support and by wrongfully diverting DHL business to other MAACO franchisees.

## NINTH AFFIRMATIVE DEFENSE

MAACO's claims for advertising contributions are barred by its breach of its fiduciary duty and contract obligations to provide valuable and effective advertising for the benefit of MAACO franchisees and by its overcharging Greig for ineffective and poorly placed advertising.

## TENTH AFFIRMATIVE DEFENSE

MAACO's claims for paint and supplies are barred by damages sustained concerning the supplying of a improper paint chip to be used in the painting a commercial vehicles for DHL.

## ELEVENTH AFFIRMATIVE DEFENSE

Greig is entitled to set-off against the claims of MAACO for damages sustained by MAACO's breach of the franchise agreement described in this answer and by allowing other MAACO franchisees to hire North Kansas City employees.

## TWELFTH AFFIRMATIVE DEFENSE

MAACO is estopped from asserting damage claims against Greig since it has had actual knowledge since 2001 that Greig is not running the MAACO franchise and that obligations, if any, are those of Danco LLC, not Greig.

### THIRTEENTH AFFIRMATIVE DEFENSE

MAACO has a duty to mitigate its damages, if any, and has failed to do so.

### FOURTEENTH AFFIRMATIVE DEFENSE

MAACO's is estopped for asserting a claim for future lost profits by reason of its breach of fiduciary duty, its breach of the franchise agreement, and its actual knowledge that Richard Greig retired from the business in 2001.

### FIFTEENTH AFFIRMATIVE DEFENSE

MAACO's claims are barred by laches.


May 2, 2005                                     Respectfully submitted,

                                                DRINKER BIDDLE & REATH LLP

                                                _____/s/_____
                                                Jason P. Gosselin
                                                18th &Cherry Streets
                                                One Logan Square
                                                Philadelphia, PA 19103
                                                PH: 215-988-3371
                                                Fax: 215-988-2757

                                                Edward A. McConwell
                                                McCONWELL LAW OFFICES
                                                5925 Beverly Avenue
                                                Mission, Kansas 66202
                                                Phone: 913-262-0605
                                                Fax: 913-262-0652

                                                *For Defendants Richard Greig
                                                And Merle I. Greig*

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAACO ENTERPRISES, INC. | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1187 |
| | ) | |
| RICHARD GREIG and | ) | |
| MERLE I. GREIG | ) | |

## CERTIFICATE OF SERVICE

I, Jason P. Gosselin, do hereby certify that on this date a copy of Defendants' **ANSWER** has been filed electronically and is available for downloading and viewing from the ECF system.

Dated: May 2, 2005                                          /s/
                                                       Jason P. Gosselin